FILED

October 24, 2014

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 2:25 PM



## COURT OF WORKERS' COMPENSATION CLAIMS
### DIVISION OF WORKERS' COMPENSATION

EMPLOYEE: STEVEN DAVIS  DOCKET NO. 2014-05-2009

STATE FILE NO. 69007-2014

EMPLOYER: RW's TREE SERVICE  DATE OF INJURY: August 11, 2014
AND STUMP REMOVAL

INSURANCE CARRIER: FREESTONE INSURANCE COMPANY

### EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Steven Davis (Employee) pursuant to Tennessee Code Annotated section 50-6-239. Employee has requested an on the record determination pursuant to Rule 0800-02-21-.14(1)(c) of the Tennessee Comprehensive Rules and Regulations. Upon review of Employee's request, the accompanying affidavits and medical records and in consideration of the applicable law, the Court finds that no additional information is needed to decide Employee's request and enters the following order for temporary disability and medical benefits.

### Issues

Employee has presented the following issues for adjudication in his request for expedited hearing[1]:

1. Whether Employer should be required to provide Employee a panel of physicians for treatment of an alleged work-related injury.

2. Whether Employer should be required to provide Employee additional medical care as prescribed by a treating physician.

---

[1] The additional issues of whether Employee is entitled to an evaluation by another physician and whether Employee provided adequate notice of the workplace accident to Employer have also been certified by the mediator. These issues will be addressed in the analysis of the identified issues.

1

3. Whether Employer should be required to reimburse Employee for past medical expenses and for mileage.

4. Whether Employer should be required to provide Employee past and ongoing temporary total or temporary partial disability benefits.

**Evidence Submitted**

Employee filed affidavits and other evidence in support of the Request for Expedited Hearing. The Court received and considered the following evidence submitted by Employee:

- Affidavit of Elizabeth Harris
- Affidavit of Employee
- Affidavit of Paula Davis
- Affidavit of Jimmy Robinson
- Medical bill from East Tennessee Emergency Physicians dated September 5, 2014
- Medical bill from St. Thomas Rutherford Hospital to RW Tree Service dated August 13, 2014
- Medical bill from St. Thomas Rutherford Hospital to Steven Davis dated August 25, 2014
- Medical Bill from Murfreesboro Radiology dated August 16, 2014
- List of working rules and regulations from RW's Tree Service
- Pharmacy receipts
- Pay stub dated July 31, 2014
- Medical records from Concentra
- Medical Records from Premier Radiology

RW's Tree Service and Stump Removal (Employer) has not filed any countervailing affidavits but has submitted information showing that its insurance carrier is being liquidated through bankruptcy. The Court has received and considered the following evidence submitted by Employer:

- Rehabilitation and injunction order from Delaware Chancery Court
- Liquidation and injunction order with bar date from Delaware Chancery Court

**History of Claim**

The claim history provided below is derived from the affidavits submitted by Employee in support of his request for temporary disability and medical benefits.

On August 11, 2014, Employee had completed tree trimming with his co-worker, Jimmy Robison, and was getting ready to leave when the bucket truck he was driving would not start. Employee exited the truck and opened the truck hood to see if he could get the engine to start. While attempting to get the truck started, Employee struck his head on a post on the front of the truck and suffered a laceration to the right side of this head. Employee fell to the ground in a dry creek bed

after hitting his head.

Either Employee or Mr. Robinson called Randy Whitehead, the owner, who came and picked up Employee. Mr. Whitehead took Employee to a walk-in clinic but it was closed for lunch. Employee asked if he could go to the emergency room, Mr. Whitehead declined to take Employee to the emergency room stating that it would be too expensive. Instead, Mr. Whitehead dropped Employee off at his home and told him to go back to the clinic after it reopened.

At 1:00 pm, Elisabeth Harris, Employee's paramour who was pregnant at the time, drove Employee back to the walk-in clinic. The provider at the walk-in clinic told Employee that they did not treat head injuries and advised him to go to the emergency room. Employee relayed this information to Mr. Whitehead who instructed him not to go to the emergency room but, instead, to go the Concentra Clinic.

Upon arriving at the clinic, Employee was escorted to the examining area by a doctor while Ms. Harris waited out front. The doctor at Concentra diagnosed Employee with a laceration to the head.

Both Ms. Harris and Employee claim that Mr. Whitehead instructed Concentra not to bill Employer's workers' compensation insurance for the treatment as Mr. Whitehead would be paying cash instead. After Employee received treatment and attempted to leave, a Concentra worker told Employee that he could not leave until the bill for his services had been paid. Employee and Ms. Harris waited until Employee's co-worker brought the money for the bill to Concentra. He did not arrive until almost 5:00 pm.

While waiting for his co-worker to arrive, Employee's pain in his head, shoulders and back increased to the point that he became lightheaded. He also vomited several times. Employee and Ms. Harris left the clinic. Employee went straight home and went to bed. The day after the accident, Employee was drowsy and slept intermittently.

On August 13, 2014, Ms. Harris took Employee to the emergency room at St. Thomas Rutherford Hospital after becoming concerned that Employee was showing signs of a concussion. Employee underwent a CT scan which revealed supraorbital soft tissue swelling on the right side of Employee's head. Employee also complained of pain in his neck and shoulders. An x-ray of Employee's cervical spine revealed some degenerative changes but no fractures or acute trauma.

Employee returned to the emergency room on August 17, 2014, complaining of headaches. Employee was released that same day and instructed to follow up with Dr. John Witt, a neurologist at the Murfreesboro Medical Clinic, in three-to-five days. The attending physician issued restrictions prohibiting Employee from performing any work other than light duty for three-to-five days or until he had been seen by a neurologist.

Employee attempted to schedule an appointment with Dr. Witt and several other neurologists in the area but was unsuccessful because he had no insurance coverage and could not afford to pay

3

the costs out-of-pocket. Employee has still not seen a neurologist.

Employee was billed a total of $573 for his treatment on August 13, 2014.[2] He was billed $1,262.80 for the treatment he received on August 17, 2014. In addition, Employee has presented receipts for the purchase of medications for $17.46.[3]

## Employee's Contentions

Employee alleges that he has suffered a compensable workplace injury and is entitled to temporary disability and medical benefits. He also claims that he is entitled to reimbursement for the treatment he has received to date.

## Employer's Contentions

Neither Employer nor Employer's insurance carrier, Freestone, have submitted a substantive defense to Employee's allegations. Freestone has presented orders from a Delaware State Chancery Court showing that its assets have been ordered to be liquidated through bankruptcy.[4]

## Findings of Fact and Conclusions of Law

### Standard Applied

When determining whether to award benefits, the Judge must decide whether the moving party is likely to succeed on the merits at trial given the information available. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W. 3d 209, 214 (Tenn. 2003). In a workers' compensation action, pursuant to Tennessee Code Annotated section 50-6-239(c)(6), Employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Employee must show the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13).

### Factual Findings

The Court finds that the Employee has suffered an injury on August 11, 2014, in the course and scope of his employment with Employer when he was attempting to start a stalled vehicle. Employee suffered a laceration to his head which has resulted in concussion like symptoms and

---

[2] Employer was also billed $3,879.30 for Employee's treatment at the emergency room on August 13, 2014.

[3] Employee has also presented receipts for the purchase of gasoline. An employee who must travel more than fifteen miles from their community of residence or workplace to receive treatment for a work-related injury is entitled to reimbursement for their travel on a per mile basis. *See* Tenn. Code Ann. § 50-6-204(a)(6)(A) (2014). Reimbursement for the purchase of gasoline is not allowed under the Act.

[4] The liquidation order allows for Freestone to defend claims on behalf of its insured and allows for payment of workers' compensation claims under a court order. Accordingly, the liquidation order has no effect on these proceedings.

migraines.

Employer knowingly failed to provide reasonable and necessary medical treatment for Employee's injury and has taken steps to prohibit Employee from receiving adequate care by refusing to file the claim under Employer's workers' compensation insurance policy. As a result, Employee has incurred $1,853.26 in medical and pharmaceutical bills.

Employee has suffered an injury that requires specialized treatment from a neurologist. Additionally, Employee cannot return to work before he has been evaluated by a neurologist. Employee has been terminated from his employment with Employer.

Finally, Employee has submitted a pay stub showing that he earned $341.00 for thirty-one hours of work over the period from July 18 to July 24, 2014. Employee earned a wage of eleven dollars ($11.00) per hour. Employer has not filed a wage statement.

*Application of Law to Facts*

Employee has raised several disputes for adjudication in his request for expedited hearing. At the heart of these disputes lies the central issue of whether Employee has presented sufficient information to establish a prima facie case of a compensable workers' compensation injury. If this issue is determined in Employee's favor, the derivative disputed issues will follow. The undersigned finds that Employee has presented sufficient information at this point to establish his case. The undersigned finds, as further set forth below, that Employee is likely to succeed at a hearing on the merits of his case and he is entitled to *most* of the temporary disability and medical benefits he has requested.

First, notice has been certified as a disputed issue in this case. While the undersigned is uncertain based on the information provided why notice has been disputed, the undersigned, nonetheless decides this issue in favor of Employee.

The Tennessee Code provides the following concerning the provision of notice of a work-related injury in a workers' compensation case:

> Every injured employee or the injured employee's representative shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury, and the employee shall not be entitled to physician's fees or to any compensation that may have accrued under this chapter, from the date of the accident to the giving of notice, unless it can be shown that the employer had actual knowledge of the accident. No compensation shall be payable under this chapter, unless the written notice is given to the employer within thirty (30) days after the occurrence of the accident, unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal to which the claim for

5

compensation may be presented.

Tenn. Code Ann. § 50-6-201(a)(1) (2014). In this case, it is clear that Employer had actual notice of Employee's injury because Employee's supervisor, Mr. Whitehead, picked Employee up shortly after he suffered his injury on August 11, 2014, and took him to the walk-in clinic. Because Employer had actual notice, Employee was not required to provide written notice of the claim.

In order to receive temporary workers' compensation in a pretrial setting, an employee must show that he is likely to prevail at a trial on the merits of his claim. *See McCall*, 100 S.W. 3d at 214. Under Tennessee Workers' Compensation law, an "injury" or "personal injury" by accident is compensable whenever "the injury is caused by a specific incident, or set of incident, arising primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(13) (2014). "An injury arises primarily out of and in the course and scope of employment only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" *Id*. (internal quotations omitted).

In this case, Employee was attempting to restart a stalled bucket truck after completing a tree trimming assignment. While attempting to restart the truck, Employee hit his head and suffered a laceration to his head. The undersigned finds that these events are a direct and natural consequence of Employee's work duties and those duties contributed more than fifty percent (50%) in causing Employee's injury. Accordingly, the undersigned finds that based on the information presented at this time, Employee is likely to prevail at a hearing on the merits of the claim.

Having established that Employee is likely to prevail at a hearing on the merits of the claim, the Court now turns to Employee's request for temporary disability and medical benefits. Tennessee law requires an employer to provide "…free of charge to the employee such medical and surgical treatment…made reasonably necessary by accident as defined in this chapter[.]" *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (2014). Upon being provided notice of a workplace injury, the employer is required to "…designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups if available in the injured employee's community or, if not so available, in accordance with subdivision (a)(3)(B), from which the injured employee shall select one (1) to be the treating physician." *Id*. at 50-6-204(a)(3)(A)(i).

Here, Employee suffered a laceration to the right side of his head that has resulted in supraorbital swelling, headaches, nausea and intermittent memory loss. The attending emergency room physician has recommended that Employee be evaluated by a neurologist. The undersigned finds that this treatment is reasonable and necessary and orders Employer to provide Employee with a panel of three neurologists practicing in Employee's community from which Employee shall select a treating physician.

Employee has also requested reimbursement for out-of-pocket expenses for the medical care he sought on his own. Generally, if an employer fails to provide a panel of physicians for the employee and the employee seeks treatment on his own, the employer would be responsible for the reasonable and necessary medical expenses the employee incurred at the direction of the treating physician. *See Lambert v. Famous Hospitality*, 947 S.W.2d 852 (Tenn. 1997). Failure to provide a

panel of physicians from which an employee may choose an authorized treating physician in compliance with Tennessee Code Annotated section 50-6-204 creates the risk that an employer may be responsible for unauthorized medical care. Violation of this section leaves the employer open to the risk of having to pay for medical treatment by physicians chosen by the employee. *Pickett v. Chattanooga Convalescent & Nursing Home, Inc.* 627 S.W.2d 941 (Tenn. 1982).

In this case, Employer had notice of Employee's injury and refused to provide him a panel of physicians. After receiving little help from his Employer, Employee sought treatment on his own and incurred significant expenses. The undersigned finds that Employee's decision to seek treatment on his own was reasonable under the circumstances. Accordingly, Employer is liable for payment of the medical bills Employee incurred through treatment of his work related injury. Employee has provided copies of bills and receipts showing $1,853.26 in treatment and pharmaceutical expenses. The undersigned finds that Employer must reimburse Employee this amount.

An employee is entitled to receive temporary total disability benefits pursuant to Tennessee Code Annotated § 50-6-207(1) whenever the employee has suffered a compensable, work-related injury that has rendered the employee unable to work. *See Simpson v. Satterfield,* 564 S.W.2d 953 (Tenn. 1978). Entitlement to temporary total disability benefits ends whenever an employee is able to return to work or reaches maximum medical improvement (MMI). *See id.*; *Cleek v. Wal-Mart Stores, Inc.*, 19 S.W.3d 770, 776 (Tenn. 2000).

In this case, Employee has been taken off work by the attending emergency room physician until he receives a neurological evaluation and treatment, if necessary. Accordingly, the undersigned finds that Employee is entitled to recover temporary total disability benefits from the date of injury until he reaches maximum medical improvement.

Having determined that Employee is entitled to receive temporary total disability benefits, the Court now turns to the calculation of those benefits. Unfortunately, Employer has failed to timely file a wage statement. Rule 0800-02-21-.10(3) of Mediation and Hearing Procedures governing claims before this Court require an employer to file a wage statement detailing the employee's wages over the fifty-two (52) week period immediately preceding the date of injury "within three (3) business dates of the first scheduled alternative dispute resolution proceedings." Tenn. Comp. R. & Regs, Chap. 0800-02-21-.10(3). Any employer who fails to file a wage statement shall be referred for assessment of a civil penalty "by the presiding mediator." Accordingly, the undersigned directs the clerk to forward a copy of this order to the mediator who presided over the alternative dispute resolution proceeding in this case so that the mediator may take appropriate action.

Without a wage statement, the undersigned is left with little information concerning Employee's rate of pay from which Employee's compensation rate may be determined. In fact, the only information concerning Employee's wage rate is a pay stub for one week of work. During that week, Employee earned$341.00 resulting in a compensation rate of $227.33 per week. Employee is hereby ordered to pay Employee past due temporary disability benefits of $3,020.24 for the period from August 11, 2014, until the date of this order. Furthermore, Employer is ordered to continue paying Employee $227.33 per week until Employee reaches maximum medical improvement as determined by the authorized treating physician. These payments shall be made to Employee on a bi-

weekly basis.

Employer is also ordered to file a wage statement with this Court containing the information required by Rule 0800-02-21.10(3), as set forth above, within fourteen (14) days from the date of this order. At that time, the undersigned will determine whether any additional temporary disability benefits are due Employee.

**IT IS, THEREFORE, ORDERED** as follows:

1. Employer, or its Carrier, shall provide Employee with medical treatment for his injuries as required by Tennessee Code Annotated section 50-6-204, to be initiated by Employer or its workers' compensation carrier providing Employee with a panel of neurologists. Medical bills for said treatment shall be furnished to Employer or its workers' compensation carrier by Employee or the medical providers. Further, Employee's past medical expenses of $1,853.26 shall be paid by Employer.

2. The amount of temporary disability benefit is $227.33 per week based on Employee's average weekly wage of $341.00.

3. Payment of past due benefits in the amount $3,020.24 of shall be made for the period from August 11 to October 24, 2014

4. Employer shall file a wage statement with the Court within fourteen (14) days of the date of this order. At that time, the undersigned will issue an additional order concerning the amount of temporary total disability payments if necessary.

5. Employer or its workers' compensation insurance carrier shall continue to pay to Employee temporary disability benefits in regular intervals until Employee is no longer eligible for those benefits by reaching maximum medical improvement, by returning to work, or by release without restrictions by the authorized treating physician. Employer's representative shall notify the Division, Employee and Employee's counsel, if any, in writing immediately by filing Form C-26 of Employer's intent to terminate temporary disability benefits, citing the basis for the termination.

6. This matter is set for Initial Hearing via teleconference on November 10, 2014, at 10 a.m. (CDT). Instructions on how to participate in the teleconference are included below.

7. The clerk is instructed to provide a copy of this order to the Mediating Specialist so that the Specialist may refer Employer for assessment of a civil penalty for Employer's failure to file a wage statement within the timeframe provided by Rule 0800-02-21-.10(3) of the Tennessee Comprehensive Rules and Regulations.

8. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of**

**this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

9. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

_____
**Joshua Davis Baker**
**Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set with Judge Joshua Davis, Court of Workers Compensation Claims. You must call (615) 741-2113 or toll free at (855) 874-0474 to participate in the Initial Hearing. Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 24th day of October, 2014.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| Steven Davis | | | | | x | bullbeth83@aol.com |
| Charles Winters | | | | | x | Charles.winters@freestoneinsurance.com |
| RW's Tree Service and Stump Removal | | x | | | | |
| | | | | | | |

Joshua Davis Baker
Workers' Compensation Judge